Judgment affirmed, with costs.

## ST. JOHN *v.* PIERCE.

December, 1863.

Affirming 22 *Barb.* 362.

The Code abrogates the provision of 2 *R. S.* 304, § 11, which allowed in ejectment (except when brought for dower), several persons to be named as plaintiffs, jointly in one count, and separately in others.*

A complaint framed so as to take full advantage of this section of the Revised Statutes is, under the Code, obnoxious to a demurrer, both for misjoinder of actions and misjoinder of parties.†

John Henry Herbert St. John (an infant, by Beverly Robinson, his guardian), Henry Joseph St. John and Ferdinand St. John, brought an action in the supreme court, against James Pierce, for the recovery of real property.

The complaint contained four counts. The first of these set out that on the first day of May, 1845, all the three plaintiffs were possessed of a tract of land, situated in the town of Naples, Ontario County—describing the tract—which they claim in fee; and that on the said first day of May, the defendant entered upon, and ejected the said plaintiffs from, the said tract of land, and wrongfully withholds possession thereof to

* Followed in Hubbell *v.* Lerch, 62 *Barb.* 295, where a demurrer was sustained to a complaint joining the assignee for the benefit of creditor with the heir of the assignor, but setting up by two distinct counts a separate title in fee in each of the plaintiffs respectively. Compare 1 *Abb. Pr.* 442; Birdseye *v.* Smith, 32 *Barb.* 217; Sheldon *v.* Adams, 18 *Abb. Pr.* 405.

† See as to effect of *general* demurrer, to complaint containing two counts, on the ground that an adequate cause of action was not set out in the complaint, the court holding that if either count exhibited facts sufficient to support an action the demurrer should be overruled. Hale *v.* Omaha Nat'l Bank, 49 *N. Y.* 626.

St. John *v.* Pierce.

the damage of the said plaintiffs of one thousand dollars. The second count stated that one of the plaintiffs' John Henry Herbert St. John, was so possessed and ejected, but otherwise this count was of the same tenor, described the same estate and premises, stated the same dates, and laid the same damages as the first count. The third count varied from the foregoing only in that it stated that two of the plaintiffs, John Henry Herbert St. John and Ferdinand St. John, were so possessed and ejected. The fourth count was couched in the same terms, except that it stated that Ferdinand St. John alone was so possessed and ejected, and except that it alone of the four, prayed judgment for the recovery of the possession of the land, with the damages aforesaid and costs, which it did in behalf of all the plaintiffs.

To this complaint the defendant demurred, assigning as grounds for demurrer that there was a misjoinder of parties therein; and that distinct causes of action were improperly joined. There were other objections specified, but the above were those upon which the defendant's counsel relied.

The demurrer was overruled at the special team.

*The supreme court* at general term reversed the judgment so obtained by the plaintiffs. The court, in an opinion by E. DARWIN SMITH, J., held that the provisions of the Code of Procedure (§§140, 142), in effect repealed the rule under which in actions of ejectment separate counts in the name of separate plaintiffs for the same cause of action were allowed in the same suit, as well as the rule by virtue of which in other actions, separate counts by the same plaintiffs for the same cause of action were united. 10 *How. Pr.* 161; 9 *Id.* 552. And section 167 of the Code provided that the causes of action united must affect all the parties to the action; which requirement, though met by the first count in this suit, was violated in the subsequent three counts.

That though before the adoption of the Code a declaration in ejectment, framed like the complaint in this action, would stand under the revised statutes, and though section 455 of the Code might seem to authorize the retention of the theory of actions of ejectment, as enacted in 2 *R. S.* 304, § 11; still sec-

tion 455 of the Code is to be construed in connection with sections 468 and 471. Under these latter sections of the Code, as the provisions of the section of the revised statutes cited relate purely to the remedy, and not to the right, they must be regarded as abrogated.

The court were also of opinion that the Code substantially adopted the rules obtaining in courts of equity in respect to the joinder of parties, and that such a complaint as the one in the case at bar could not have been sustained in a court of equity before the Code.

And further that section 274 of the Code, in providing that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side as between themselves," met in all cases the need which the revised statutes (2 R. S. 307, § 30) supplied in a special case, viz., the action of ejectment.

That notwithstanding the first count, joining all the claimants as plaintiffs, would be good if it stood alone, it could not be separated from the three counts improperly joined with it, and the demurrer to the whole complant must therefore be sustained.

Plaintiffs appealed to this court.

*John H. Reynolds*, for the plaintiffs, appellants.

*E. G. Lapham*, for the defendant, respondent.

EMOTT, J. [After stating the facts.]—That the mode of complaining or declaring which the plaintiffs have adopted in this case is expressly authorized by the revised statutes as the law stood before the Code of Procedure is conceded. 2 *R. S.* 304, § 11. But it is equally plain that it is in conflict with the rules prescribed by the Code, both as to parties and pleading, in respect to all actions to which those rules extend. *Code of Pro.* §§ 111, 117, 118, 119, 167. These provisions are universal in their terms, and general in their scope, and they are unquestionably intended to introduce a system by which all actions of whatever nature should be brought in the same form, and

St. John *v*. Pierce.

in the name of the real party or parties in interest, who should state his or their cause of action according to the facts. Testing this complaint by these rules, it presents four causes of action ; one in behalf of all the plaintiffs, one in behalf of two of them, and two others each in behalf of a different one of the plaintiffs severally. From the claims of different and distinct ownership made in the several counts, it is clear that the four counts state distinct, and considering the fact that they all refer to the same lands, inconsistent causes of action. There is one count which states a cause of action which affects all the parties to the suit, but the others do not. On the contrary, each of the counts complains of an injury sustained by a portion of the plaintiffs only. Each is distinct from the others, stating facts in a form which would make them the ground of a separate action. The joinder of these counts in one action therefore constitutes a joinder of different causes of action not all affecting the same parties, while each count except the first states a cause of action which does not affect all the plaintiffs. There is therefore an improper joinder of causes of action, and an improper joinder of parties if the general rules of the Code apply to a suit of this nature, which before the code was known as an action of ejectment.

Section 455 of the Code enacts that " the general provisions of the revised statutes relating to actions concerning real property shall apply to actions brought under this act, according to the subject-matter of the action, and without regard to its form." It is urged that this section preserves the manner of declaring or complaining allowed by the revised statutes in actions of the character of this, which I may perhaps still be permitted to call an action of ejectment ; to wit, the use of several counts stating different titles, and naming the plaintiffs jointly in one, and separately in others. The general provisions of the Code as to parties and pleading to which I have referred are broad enough and explicit enough to repeal this provision of the revised statutes, unless it is retained or excepted from their scope by section 455 of the Code, just quoted. I am of opinion that such is not the effect of the latter section. I concur with the reasoning of Mr. Justice E. DARWIN SMITH, who in the opinion delivered in this case at the general term

has ably and exhaustively discussed the whole question of the effect of the Code upon this class of suits. An action of ejectment must be brought in the form, by the parties, and according to the rules prescribed and permitted by the Code, and so brought it can accomplish all· the purposes and afford fully the relief that the action in its old form ever admitted of. There are special features of the former action of ejectment, and anomalous rules and provisions belonging to it, as for instance the right of a defeated party to a new trial on payment of costs, and the proceedings to admeasure dower, where it is brought for dower, which can be and are retained and applied to actions otherwise conforming to the rules as to pleading and parties laid down by the Code. These special provisions affecting actions brought with the purpose of this, and similar special provisions in reference to other of the former actions concerning real property, are covered by section 455 of the Code, and are sufficient to give effect thereto, without construing it so as to produce an anomaly in the whole course of the action, and an exception to the rules of pleading and parties which obtain in all other cases, and which may without injustice or inconvenience, as is shown by Mr. Justice SMITH in the court below, be applied in such cases as this. I am of opinion that the judgment of the supreme court was correct, and the grounds on which it rested are sound.

A majority of the judges concurred.

Judgment affirmed, with costs.